IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARIO KEVON MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:24CV522 |
| v. | ) | 1:21CR420-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a Motion [Doc. #43] in which he seeks to attack the conviction or sentence he received in this Court. The proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe the submission as such a motion. However, the Motion cannot be further processed for the following reason:

1. The Motion is not on the proper § 2255 form.

Because of this pleading failure, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defect of the present Motion.[1] To further aid

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very

Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to bring a claim under § 2255.[2]

IT IS THEREFORE ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 23rd day of July, 2024.

Joi Elizabeth Peake
United States Magistrate Judge

---

narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

[2] Petitioner has a separate proceeding involving a Motion for Reduction of Sentence Pursuant to Amendment 821, and that case is still pending separately.